# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

UNION COUNTY, IOWA,　　　　　*
　　　　　　　　　　　　　　　*　CIVIL NO. 4:06-CV-00374-RP-TJS
　　　　　　　Plaintiff,　　　*
　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　*　**REPORT AND**
　　　　　　　　　　　　　　　*　**RECOMMENDATION**
　　　　　　　　　　　　　　　*
PIPER JAFFRAY & CO., INC.,　 *
　　　　　　　　　　　　　　　*
　　　　　　　Defendant.　　　*

## I.  INTRODUCTION

The following motions to exclude expert testimony are currently pending in this matter: Piper Jaffray & Co.'s Motion in Limine to Exclude Expert Opinion Testimony of Robert W. Doty on Liability Issues and Request for a Pre-Trial Hearing on the Motion (Clerk's No. 170);  Plaintiff Union County, Iowa's Motion in Limine to Exclude Expert Testimony of Shawn Fox (Clerk's No. 180); Piper Jaffray & Co.'s Motion in Limine to Exclude Expert Opinion Testimony of Robert W. Doty on Damages and Request for a Pre-Trial Hearing on the Motion (Clerk's No. 190); and Union County's Motion in Limine to Exclude Piper's Expert Witness Keysser (Clerk's No. 196).

The motions were referred by United States District Court Chief Judge Robert W. Pratt to this magistrate judge for purposes of preparing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Text Orders (Clerk's Nos. 176, 182, 210).)  Oral arguments were presented by counsel on August 4, 2010 (see Clerk's Court Minutes (Clerk's

No. 191) and September 9, 2010 (see Clerk's Court Minutes (Clerk's No. 224)).  The matters are fully submitted for this report and recommendation.

On September 29, 2010, Chief Judge Pratt entered a Memorandum Opinion and Order (Clerk's No. 240) granting in part and denying in part a Motion for Summary Judgment filed by defendant Piper Jaffray & Co., Inc. ("Piper Jaffray").  Chief Judge Pratt found that summary judgment was not appropriate with respect to plaintiff Union County, Iowa's ("Union County") claims of breach of fiduciary duty, negligence, negligent misrepresentation, and fraudulent misrepresentation.  Union County's contract claim was found to have failed as a matter of law.  The Memorandum Opinion set forth in depth the underlying facts, claims and law for this case, which is incorporated herein by reference as background and context for the issues raised in the motions to exclude expert opinion testimony.

## II.  SUMMARY OF MOTIONS

## A.  Piper Jaffray's Motions to Exclude Expert Testimony of Robert W. Doty

Robert W. Doty ("Doty") is a Certified Independent Public Finance Advisor and President of American Governmental Financial Services Company, a private firm in Sacramento, California.  As described by Union County, Doty opines on the essential standard of conduct question at issue: were Piper Jaffray's actions proper under industry practice and custom, and if not, how should Piper Jaffray have discharged its duties to the County?  Doty ultimately concludes that Piper Jaffray breached its professional duties to the County.  Doty has also proffered opinions as to the appropriate calculation of Union County's damages caused by that breach.

Piper Jaffray filed two separate motions to exclude the testimony and opinions of Doty at trial on liability issues (Clerk's No. 170) and the County's damage claims (Clerk's No. 190). Piper Jaffray submitted separate Briefs in Support of the motions. (Clerk's Nos. 175 & 190-1, respectively.)

In general terms, Piper Jaffray moves to exclude Doty's testimony on the grounds, *inter alia*, that it is unreliable and speculative because it has no basis in fact or in any established methodology, is not based upon matters generally accepted within the public finance industry, is outside Doty's area of expertise, is based upon matters as to which Doty admittedly has done no analysis, is not helpful to the jury, invades the province of the jury and the court, is offered as to matters as to which the jury can be properly instructed and determine itself, and constitutes legal argument rather than appropriate expert testimony. In addition, Piper Jaffray moves to exclude Doty's damages testimony from the County's case-in-chief because the County did not identify Doty or disclose his opinions as a primary expert on damages but instead designated Doty's damages testimony solely as rebuttal. Piper Jaffray requests a pre-trial hearing pursuant to Federal Rule of Evidence 104(a), if necessary, to identify and determine the specific expert testimony offered and to be excluded.

Union County filed a Brief in Resistance (Clerk's No. 181) on the liability matters and contends Doty's opinions on the duties of disclosure and advice owed to the County on its municipal financing of CF Processing are admissible. In Resistance (Clerk's No. 208) as to the damage issues, Union County argues Doty is qualified based on his extensive experience in municipal finance to offer opinions on damages, and his testimony on those matters is reliable.

Piper Jaffray filed a Reply (Clerk's No. 212) and a Supplement (Clerk's No. 213) in further support of the motion to exclude the damage testimony of Doty.  As explained by Piper Jaffray in the Supplement, the day after it filed its Reply it received an Expert Report of Robert W. Doty [Supplemental Reply Report] (Clerk's No. 213-1) setting forth new damages calculations.  Piper Jaffray seeks exclusion of Doty's supplemental report on the grounds it is untimely, prejudicial, and without justification.  Union County filed a Response (Clerk's No. 223) to Piper Jaffray's Supplement and explains Doty updated his figures in light of new information, without changing his substantive opinion.

For the reasons discussed below, this magistrate judge recommends that Robert Doty not be allowed to testify at trial until Union County satisfactorily establishes, in a hearing outside the presence of the jury, that his proffered testimony and opinions on liability and damages fully meet the requirements for the admissibility of expert testimony under Federal Rule of Civil Procedure 702, and will not confuse the issues at trial or mislead the jury as prohibited under Federal Rule of Civil Procedure 403.

## B.  Union County's Motion to Exclude Expert Testimony of Shawn Fox

Shawn Fox ("Fox") is a Certified Public Accountant and the Managing Director of the Financial Forensics and Valuation Services practice for the Western Region of RSM McGladrey, Inc. (Declaration of Shawn Fox (Clerk's No. 188-3) ¶ 1.)  Piper Jaffray retained Fox as an expert to determine whether Union County would be expected to incur an economic loss in connection with its issuance of the two general obligation notes in support of the construction of the soybean processing facility involved in this case.  In his opinion, Union County would not expect to incur an economic loss.

The County moves (Clerk's No. 180) to exclude Fox's testimony at trial on the following general grounds: it is premised on a calculation that contradicts relevant law and abuses and ignores the case's factual record; it is based on speculation, assumption, and estimation instead of sufficient facts or data as required by Federal Rule of Evidence 702; Fox is not qualified to offer many of his offered opinions; and Fox's highly speculative opinions promise to confuse the issues and mislead the jury, contrary to Federal Rule of Evidence 403.  Union County submitted a Brief in Support (180-1) of those arguments.

Piper Jaffray submitted a Brief (Clerk's No. 188) in resistance to the motion and asserts therein that Fox is a recognized expert on damages and financial analysis and qualified to give an opinion regarding damages in this case.  In addition, Piper Jaffray believes Fox applies a reliable and accepted methodology to calculate those damages and relies upon sufficient facts and data to reach his proffered opinions.

As discussed below, this magistrate judge recommends Fox be allowed to testify and offer his opinions to the jury at trial, subject to cross-examination and appropriate objections.

## C.  Union County's Motion to Exclude Expert Testimony of R. Donald Keysser

R. Donald Keysser ("Keysser") is a Managing Principal of Hannover Ltd., a consulting firm located in Minneapolis, Minnesota.  Keysser proffers testimony on behalf of Piper Jaffray regarding certain customs and practices in the municipal finance industry and the actions of Piper Jaffray in this matter.  In his reports, Keysser concluded that Piper Jaffray acted properly, as an underwriter, in accordance with the customs, practices and standards of care prevailing in the municipal securities industry during the relevant time period.

Union County moves (Clerk's No. 180) to exclude Keysser's testimony at trial based on the following asserted grounds: Keysser is not qualified to offer many of his proffered opinions because he has virtually no experience with transactions similar to the one at issue and has not published or lectured on any topics on which he opines; his opinions are unreliable, as they are not supported by sufficient facts because he did not review the majority of the depositions taken in this case; his opinions are not grounded in industry standards or peer reviewed; and Keysser's key opinions usurp the functions of the court and the jury.  As a result of these alleged deficiencies, Union County contends there is a substantial danger of confusing and misleading the jury and Keysser's expert testimony should accordingly be excluded.  Union County's arguments are set forth in detail in is supporting Brief (Clerk's No. 196-1).

Piper Jaffray submitted a Brief (Clerk's No. 217) in opposition to the motion and argues therein, *inter alia*, that Keysser is adequately qualified and his report properly centers on explaining how municipal financings work, the roles various parties generally play, and the expectations generally attendant to those of an underwriter in a transaction.

This magistrate judge recommends, as set forth below, that Keysser be allowed to testify and offer his opinions to the jury at trial, subject to cross-examination and appropriate objections by Union County's counsel.

## III.  STANDARDS FOR ADMISSIBILITY OF EXPERT TESTIMONY

Federal Rule of Evidence 702 governs the admissibility of expert testimony and currently provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

As indicated in the advisory committee notes for the 2000 Amendments, Rule 702 was amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), wherein the United States Supreme Court set forth standards for the admissibility of scientific expert testimony.  The *Daubert* Court held that Rule 702 imposes a special gatekeeping obligation upon a trial judge to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. The Supreme Court later extended the application of these standards to testimony of engineers and other experts who are not scientists in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), and the Court of Appeals for the Eighth Circuit has repeatedly applied the *Daubert* standards under Rule 702. *See, e.g.*, *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010)("When considering expert testimony, a district court must ensure that 'all scientific testimony is both reliable and relevant.'")(quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)); *Polski v. Quigley Corp.*, 538 F.3d 836, 838-39 (8th Cir. 2008); *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686-95 (8th Cir. 2001); *Junk v. Terminix International Co.*, 594 F.Supp.2d 1062, 1066-67 (S.D. Iowa 2008).

As recently explained by the Eighth Circuit,

> To satisfy the reliability requirement, the party offering the expert testimony "must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." *Id.*; *Daubert*, 509 U.S. at 589-90, 113 S.Ct. 2786. To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. *Marmo*, 457 F.3d at 757.

*Barrett*, 606 F.3d at 980.

Rule 702 has been characterized by the Eighth Circuit as "'one of admissibility rather than exclusion.'" *Shuck v. CNH America, LLC*, 498 F.3d 868, 874 (8th Cir. 2007)(quoted citation omitted). As such, "[c]ourts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 758.

The primary concern of Rule 702, according to the Eighth Circuit, is the underlying methodology utilized by the expert, not the expert's conclusions:

> "[Rule 702's] overarching subject is the scientific validity - and thus the evidentiary relevance and reliability - of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."
>
> * * *
>
> Both our cases and the decisions of the Supreme Court make clear that it is the expert witnesses' methodology, rather than their conclusions, that is the primary concern of Rule 702.

*Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)(quoted citations omitted).

Factors bearing on the validity of the methodology

> include whether the expert's theory or technique (1) can be and has been tested, (2) has been subjected to peer review and publication, (3) has a known or potential rate of error, and (4) has gained general acceptance in the relevant community.

*Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 635 (8th Cir. 2007)(citing *Daubert*, 509 U.S. at 593-94).

> These factors are not exclusive, however, and they need not be considered in every case because, "[o]f course, the *Daubert* reliability factors should only be relied upon to the extent that they are relevant and the district court must customize its inquiry to fit the facts of each particular case."

*Shuck*, 498 F.3d at 874 (quoting *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1083 (8th Cir. 1999)(internal citations omitted)).  For example, in some situations, the Eighth Circuit has found "observations coupled with expertise generally may form the basis of an admissible expert opinion." *Id.* (citing *Kumho Tire*, 526 U.S. at 150)(finding no abuse of discretion in district court's admission of challenged testimony where experts did not test components at issue).

> Other factors the court may consider include
>
> "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 449 (8th Cir. 2007)(quoting *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686-87 (8th Cir. 2001)).  While weighing these factors, the district court must continue to function as a gatekeeper who "separates expert opinion evidence based on 'good grounds' from subjective speculation that masquerades as scientific knowledge." *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001).

*Presley v. Lakewood Engineering & Manufacturing Co.*, 553 F.3d 638, 643 (8th Cir. 2009).

"Generally, the factual basis of an expert's opinion goes to credibility of the testimony, not admissibility." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 356 F.3d 850, 858 (8th Cir. 2004).  Expert testimony is inadmissible, however, "where . . . it is excessively speculative or unsupported by sufficient facts." *Barrett*, 606 F.3d at 981 (citing *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000)).  As further explained by the Eighth Circuit,

> [a]lthough the factual basis of an expert's opinion is generally an issue of credibility rather than admissibility, an expert's opinion should be excluded if it "'is so fundamentally unsupported that it can offer no assistance to the jury.'"

*Cole v. Homier Dist. Co.*, 599 F.3d 856, 865 (8th Cir. 2010)(quoted citations omitted); *see also Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1019 (8th Cir. 2004); *Concord Boat Corp.*, 207 F.3d at 1057 ("Expert testimony that is speculative is not competent proof and contributes 'nothing to a legally sufficient evidentiary basis.'")(quoted citation omitted); *Marmo*, 457 F.3d at 757 ("Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case."); *J.B. Hunt Transport, Inc. v. General Motors Corp.*, 243 F.3d 441, 444 (8th Cir. 2001)(quoting *Concord Boat Corp.*; affirming exclusion of proffered expert testimony which was "mere speculation and pure conjecture").

In general, the parties appear to be in agreement as to these well-established standards and principles to be utilized under Rule 702; however, as revealed in their briefing and arguments, they have divergent views as to how the principles apply to their respective experts and their proffered testimony and opinions in this litigation.

## IV.  ANALYSIS

### A.  Expert Testimony of Robert W. Doty

Piper Jaffray seeks to exclude at trial the testimony and opinions of Doty on both liability and damage issues.  The opinions of Doty on liability were first set forth in an Initial Expert Report dated March 31, 2008, attached as Ex. D (Clerk's Nos. 171-1 through 171-4) to Piper Jaffray's Motion in Limine.  Doty then prepared an Updated & Reply Report dated March 20, 2009, attached as Ex. E (Clerk's Nos. 171-5 & 171-6), which supplemented his

opinions on liability and contained a section entitled "Reply to Fox Report" which addressed the calculations of damages. Those two reports are extensive, cover an array of topics, and encompass a combined total of over a thousand pages. At the end of the second report, Doty offers twenty-five conclusions that respond to specific questions asked of Doty by counsel for Union County.(*See* Updated & Reply Report pp. 411-428.) Doty's proffered opinions were examined by counsel during a videotaped deposition on February 16, 2010, and a copy of the transcript is provided as Ex. A (Clerk's No. 170-2) to Piper Jaffray's motion.

**1. Doty's Testimony & Opinions as to Liability**

In Union County's view, Doty offers detailed analysis of the deposition transcripts, exhibits and other documents underlying the financing at issue, all grounded in and instructed by his 40 years of practice in municipal finance, in providing opinions about the relationships formed and whether Piper Jaffray's conduct conformed with industry customs. Union County believes Doty's analysis and opinions will be useful to the fact-finder presented with complex financing in an equally complex industry. Union County asserts Doty is eminently qualified to address industry standards for participants in the municipal bond market and notes Doty has been involved for decades in the municipal finance industry both as a financial advisor and underwriter, participating in billions of dollars of municipal and corporate finance transactions. The details of Doty's education, credentials, career positions and experience are set forth in appendices attached to his reports. (Clerk's No. 171-4, pp. 140-79; Clerk's No. 171-6, pp. 264-301.)

Piper Jaffray recognizes Doty as a lawyer, law professor, and legal commentator in the public finance arena, but contends that whatever experience and opinions he may have,

they are not properly offered in this case.  In Piper Jaffray's view, Doty attempts to offer

expert opinion testimony to establish the applicable legal standards for this case as those of

a fiduciary, and opine that the fiduciary standards he advocates have not been met.  Piper

Jaffray argues that neither of these is a proper basis for expert opinion testimony regardless

of the witness' professed expertise because they invade the province of the court and jury.

Piper Jaffray further argues that Doty's opinions are inadmissible because they are not based

upon an established industry standard, and the industry standard that does exist, MSRB Rule

G-23, is contrary to his opinions.  Piper Jaffray believes Doty wants to manufacture new law

by slanting his opinion testimony toward his own public-policy preferences.  To admit such

legal argument and theories, Piper Jaffray urges, would violate *Daubert* and its progeny, as

provided in Rule 702.

In this magistrate judge's opinion, Doty is qualified to testify about certain aspects

within the municipal finance industry, including some matters relevant to this litigation.  As

described by Piper Jaffray's own designated expert Don Keysser, and repeatedly noted by

Union County, Doty is a "well-known authority" on municipal finance.  As such, Doty's

overall qualifications are not discussed as part of this report.

However, this magistrate judge shares and agrees with the concerns raised by Piper

Jaffray as to the specific testimony and opinions proffered by Doty in this case.  Foremost,

Doty's opinions repeatedly and inappropriately delve into legal principles to be determined,

and instructed to the jury, by the court, not Doty or any other witness.  Examples of Doty's

improper legal argument and conclusions were cited by Piper Jaffray in its Brief in Support

(Document No. 175) at pages 12 through 15.

As expressed by the Eighth Circuit, "[e]xpert testimony on legal matters is not admissible.  Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)(internal citation omitted); *see also Walsh v. Principal Life Ins. Co.*, 266 F.R.D. 232, 238 (S.D. Iowa 2010)(quoting *Southern Pine Helicopters*); *United States v. Davis*, 269 F.Supp.2d 1077, 1083 (S.D. Iowa 2003)(noting legal issues "are outside the scope of permissible expert testimony").  Union County recognizes this point of law and even challenges Piper Jaffray's designated expert Keysser on the same principle.

The problem is that legal principles, theories and conclusions permeate throughout Doty's reports.  It is extremely difficult to separate admissible testimony from the impermissible statements and opinions on legal matters intertwined with the vast content of Doty's reports.  While Union County refers in its brief to specific "key opinions" by Doty, there is no concrete assurance at this point that Doty's testimony will be limited at trial to certain permissible statements or opinions.  Upon reviewing Doty's reports, there appears to be some validity to Piper Jaffray's characterization of Doty as a legal academician and consultant incapable of avoiding instruction on the law.

This magistrate judge also agrees with concerns raised by Piper Jaffray as to Doty's opinions as to industry standards applicable to the issues in this case.  Those issues are discussed by Piper Jaffray on pages 17 through 22 of its Brief in Support (Document No. 175).  Doty appears fully qualified to inform the jury as to what industry standards exist and apply to the facts of this case, but inappropriately interjects his own personal theories, and proffers opinions based upon those personal views.  In addition, Doty's statements and

opinions appear to drift into areas where he has limited expertise or which amount to unsupported speculation on his part.  Again, as set forth by Piper Jaffray in its briefing, such impermissible statements and opinions by Doty appear throughout his reports and are difficult to parcel out from proper expert testimony that will ultimately "assist the trier of fact to understand the evidence or to determine a fact in issue" as intended under Rule 702.

As a result, the statements, opinions and conclusions on liability as presented by Doty in his reports raise a significant potential for unfair prejudice to Piper Jaffray, confusion of the issues at trial, and misleading the jury, which may substantially outweigh any probative value or assistance Doty's testimony may provide at trial.  Consequently, in this magistrate judge's opinion, Doty's proffered testimony on liability, if presented to the jury in a manner consistent with his reports, should be excluded under Federal Rule of Evidence 403.

This judge has attempted, as required, to resolve doubts regarding the usefulness of Doty's proffered testimony in favor of admissibility, but concludes his reports raise too many concerns to reach such a conclusion based on the paper record currently before the court. Based on that record, Union County has not shown by a preponderance of the evidence that Doty's proffered testimony, as reflected in his reports as a whole, is both relevant and reliable, and will effectively assist the jury in this case.

It is therefore recommended that Robert Doty not be allowed to testify at trial until Union County adequately demonstrates the proffered opinions on liability to be made by Doty before the jury will not include legal principles and theories which improperly invade the province of the court and mislead or confuse the jury, or include Doty's own personal, unsupported theories as to industry standards applicable to this case.

At a minimum, and in the words of Chief Judge Pratt, if Doty is allowed to testify counsel for Union County should be "cautioned to tread very carefully when questioning [Doty] because the line between permissible expert testimony and impermissible expert testimony is extremely thin on the present set of facts." *Davis*, 269 F.Supp.2d at 1083.

## 2. Doty's Testimony & Opinions as to Damages

In his Updated and Reply Report (Clerk's Nos. 171-5, 171-6) dated March 20, 2009, Doty proffered opinions in response to those of Piper Jaffray's damages expert, Shawn Fox, and presented his own calculations for damages in this case. (*See* Clerk's No. 171-6, pp. 106-42.) With respect to future damages, Doty made two alternative assumptions:

> The first assumption is that Union County would receive tax receipts in the future determined by application of the 2008-09 tax rate to the 2008-09 tax assessment. Second, alternatively, to establish a range, the second assumption is that the County will receive no future tax receipts from the subject property as a result of cessation of operation of the current facilities or other reasons.

(Doty Updated and Reply Report ¶ 752; Clerk's No. 171-6 p. 132.)

Piper Jaffray asserts Doty does not have the necessary qualifications to testify as a damages expert under Rule 702 because he has no experience or skills that would assist in reliably measuring damages and has admitted that he has no experience as a damages expert. Piper Jaffray emphasizes Doty has no certification in accounting, real estate assessment, commercial banking, or the agriculture industry, and Doty's experience in municipal finance does not include calculations of damages or the projection of future revenues, especially in relation to the soybean processing plant involved in this case.

Piper Jaffray also contends that Doty's opinion on damages is unreliable and speculative, primarily noting his assumption that the soybean processing plant would shut

down as of March 2009, and pay no further property taxes, has been proven wrong as the plant continues to operate and its owner continues to pay its property taxes.  Piper Jaffray further argues that Doty's repeated reference to "benefit of the bargain" damages are improper legal conclusions which invade the province of the court and jury.

Union County, on the other hand, argues Doty is more than qualified to testify and offer opinions on damages because of his extensive experience in municipal finance, including real estate valuation.  According to the County, Doty's 40 "years of experience with assessment bonds, tax increment bonds, troubled financing workouts, real estate appraisals and in preparation of debt service calculations and present value analyses for the multitude of financings on which Doty has worked qualify him to offer his damages computations here." (Union County's Resistance (Clerk's No. 208) p. 3.)  Union County asserts that challenges to Doty's experience should be raised through cross-examination, not exclusion of his testimony.  Union County also believes Doty's testimony on damages is reliable and the attacks on his opinions as being speculative and contrary to facts should go to the weight to be given by the jury, not to admissibility.  As for any alleged legal conclusions, Union County argues Doty is not opining that "benefit of the bargain" is the appropriate measure of damages, rather he uses the term "bargain" to refer to the Development Agreement.

This magistrate judge again shares the concerns raised by Piper Jaffray as to Doty's proffered testimony and opinions on damages.  Despite Union County's general reference to Doty's years of practice in municipal finance, this judge has doubts as to whether he has actual, specific expertise in making appropriate calculations for damages relevant to the facts

of this case.  He is not a certified public accountant or able to give opinions based on generally accepted accounting standards.  Moreover, the assumption in his March 20, 2009 Updated and Reply Report that no further taxes would be collected on the property, has been proven incorrect over the past year and a half, thereby rendering his initial calculations based on that assumption unreliable.  In addition, Doty's reference to "benefit of the bargain" appears to imply the appropriate measure of damages to ultimately be determined by Chief Judge Pratt under the applicable law.  Doty's use of this term, if in contradiction to Chief Judge Pratt's determinations and instructions to the jury on damages, would certainly confuse and mislead the jury.

Therefore, it is recommended that Robert Doty not be allowed to testify or offer his opinions at trial on damages until Union County sufficiently demonstrates his qualifications and testimony fully meet the requirements of Rule 702, and conform to the law of the case.

If Chief Judge Pratt allows Doty to testify at trial on damage issues, this magistrate judge further agrees with Piper Jaffray as to limiting Doty's testimony on damages to rebuttal of Piper Jaffray's damages expert.  When Union County designated Doty as an expert, and disclosed his Initial Expert Report on March 31, 2008, he was not identified as an expert on damages and his report did not address damages.  Instead, Doty's opinions on damages were set forth in his Updated and Reply Report dated March 20, 2009, under a section he entitled "Reply to Fox Report." (*See* Clerk's No. 171-6, p. 106.)  In light of the timing of the disclosure, and this judge's review of the content of Doty's "Reply," there is no doubt the testimony was proffered in rebuttal to the opinions of Fox.

As explained by the Eighth Circuit, "'[t]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.' As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent - and not establish a case-in-chief." *Marmo*, 457 F.3d at 759 (internal and quoted citations omitted). In this judge's opinion, Doty's testimony and opinions on damages were clearly disclosed and presented as rebuttal testimony in his report and should be presented as such at trial.

Ultimately, however, Chief Judge Pratt has discretion at trial to dictate the overall presentation of evidence at trial. In the words of the Eighth Circuit, "[t]o ensure that trial does not proceed higgedly-piggedly, the district court has wide discretion to determine the order in which parties adduce proof." *Marmo*, 457 F.3d at 758-59. This judge therefore defers to Chief Judge Pratt to determine not only if, but when, Doty testifies at trial on damage issues.

### 3. Doty's Supplemental Reply Report

Piper Jaffray received an 86-page Supplemental Reply Report (Clerk's No. 213-1) from Doty on August 31, 2010, which sets forth new damages calculations. Union County also produced 66 pages of new documents purporting to support the new calculations. The apparent motivation for Doty in preparing the Supplemental Reply Report was the fact that the soybean processing plant continued operating subsequent to his March 20, 2009 report wherein he assumed the "County will receive no future tax receipts from the subject property as a result of cessation of operation of the current facilities or other reasons."

Piper Jaffray seeks exclusion of Doty's supplemental report on the grounds it is untimely, prejudicial, and without justification. Piper Jaffray points out that Doty's inclusion

of taxes actually paid since March 2009 in his supplemented damages calculation should have resulted in a reduction of those damages but, instead, Doty changes other assumptions and calculations in his analysis which result in an increase in his opined damages.

The supplementation of Doty's damages calculations in this manner only further convinces this magistrate judge that he not be allowed to testify or offer his opinions at trial on damages until Union County sufficiently demonstrates his testimony fully meets the requirements of Rule 702, and will not confuse or mislead the jury.  Furthermore, the proposed recalculation of damages due to an assumption which has been proven incorrect to date, and is made after discovery has been completed and trial is approaching, appears to be highly prejudicial to Piper Jaffray.  While this magistrate judge tends to agree that the Supplemental Reply Report should not be admitted into evidence at trial, especially because it would be cumulative of any testimony given, that decision is left to Chief Judge Pratt.

## B.  Expert Testimony of Shawn Fox

Shawn Fox is being presented by Piper Jaffray as an expert witness to testify as to the appropriate calculation of damages in this case.  Fox prepared an Expert Report dated February 2, 2009 (Clerk's No. 188-1), and supplemented the report with a letter dated April 19, 2010 (Clerk's No. 180-6).  He was deposed on February 25, 2010, and portions of the transcript are located in the record at Clerk's Nos. 180-5 and 188-2.

Fox reached the following conclusion in his initial Expert Report:

I have concluded to a reasonable degree of accounting certainty, that Union County has not experienced an economic loss in connection with the construction of the soybean processing facility.  Union County has incurred debt obligations in connection with the construction of the facility.  However, the County is receiving property tax revenues from the soybean processing

facility, and those revenues will be sufficient to repay the current and future debt obligations.

(Fox February 2, 2009 Expert Report p. 12.)

Union County contends that Fox, in reaching this conclusion, ventures beyond his field of expertise and competence, abuses known facts, and makes ungrounded assumptions. In Union County's view, Fox's training as an accountant does not produce reliable results in debt service computation. According to Union County, Fox employs inappropriate proxies, where actual property value figures are readily available, to create unreliable revenue projections premised on unfounded speculation about irrelevant events occurring well beyond the term of the Development Agreement the County entered into. Union County believes Fox improperly ignored the Development Agreement which reflects the bargain the County struck in reliance on Piper Jaffray's promises. Union County asserts Fox's opinions must be excluded because they offer no help to the jury and, instead, will confuse the issues and mislead the jury.

This magistrate judge finds Union County's challenges to Fox's qualifications to be unpersuasive. Fox prepared a Declaration (Document No. 188-3) filed in support of Piper Jaffray's resistance, which sets forth his qualifications as reflected in his curriculum vitae attached to the Declaration. Fox is the Managing Director of the Financial Forensic and Valuation Services practice for the Western Region of RSM McGladrey, Inc. (Fox Curriculum Vitae.) He holds a Bachelor of Business Administration degree in accounting from the University of Iowa and is a Certified Public Accountant licensed in Missouri, Kansas, and Iowa. (*Id.*)

Fox has previously testified as a damages expert in depositions and/or trials in twelve lawsuits and arbitrations. (Fox Declaration ¶ 3.)  He has testified as a damages expert in four trials and arbitration hearings and has been found to be qualified to give an opinion on damages in each of those cases. (*Id.*) He has also lectured on damages to bar associations, insurance associations, and other organizations. (*Id.*)

Fox also claims to "have extensive knowledge, skill, experience, training, and education in projecting future revenues and costs and in discounting those amounts to present value." (Fox Declaration ¶ 4.)  He is an Accredited Senior Appraiser by the American Society of Appraisers in business valuation and is accredited in business valuation by the American Institute of Certified Public Accountants. (*Id.*)  According to Fox, "[p]rojecting future revenues and costs and discounting those amounts to present value are critical skills in business valuations." (*Id.*)

As a business appraiser, Fox has "projected the cash flows of multiple types of businesses and industries, including agricultural, manufacturing, and financial services providers." (Fox Declaration ¶ 5.)  In appraising businesses, he regularly applies a method to project cash flows by projecting costs and revenues. *Id*.  He states those projections are based on the usual and accepted methods and calculations used by business appraisers. *Id.*

Fox is also a Chartered Financial Analyst. (Fox Declaration ¶ 6.)  As described by Fox, the "certification includes three tests that cover a broad spectrum of financial analytical knowledge and skills, including projecting future revenues and costs and discounting to present value." (*Id.*)

Based on this judge's review of Fox's education, credentials, career positions and experience, it appears Fox is amply qualified to render opinions as to calculation of damages relevant to this case.

This magistrate judge is also not persuaded by Union County's challenges to the methodology utilized by Fox.  In resistance to the motion, Piper Jaffray adequately reviews Fox's methodology in calculating the County's damages as set forth in his reports. (*See* Brief in Support of Piper Jaffray & Co.'s Resistance (Clerk's No. 188) pp. 1-6.)  Contrary to Union County's argument, it does not appear to this judge that Fox completely ignored the Development Agreement, failed to adequately review the record or consider facts or data, or made improper assumptions.

To the extent there is validity to Union County's attacks to Fox's qualifications or testimony, they are better suited for cross-examination at trial.  In this magistrate judge's opinion, Fox has specialized knowledge which will assist the trier of fact in determining damages in this case.  Based on the record submitted by the parties, Piper Jaffray has sufficiently shown by a preponderance of the evidence that Fox is qualified as an expert by his knowledge, experience, and education, and his proffered testimony is based upon sufficient facts and data, is the product of reliable methods, and Fox applied the methods reliably to the facts of this case.

For these reasons, it is recommended that Union County's Motion in Limine (Clerk's No. 180) to exclude the proffered expert testimony and opinions of Shawn Fox at trial be denied.

**C.  Expert Testimony of R. Donald Keysser**

The proffered testimony and opinions of R. Donald Keysser are set forth in an initial Declaration (Clerk's No. 196-3, pp. 1-30) and a Supplemental Declaration (Clerk's No. 196-3, pp. 30-43).  Keysser was deposed on February 23, 2010, and portions of the transcript are found in the record at Clerk's Nos. 206 and 217-2.  He discussed the following general topics within his initial Declaration:

> (I)    The tasks, duties and roles generally undertaken (a) by an investment banker/registered broker/dealer acting as an underwriter for an issuer of municipal securities, (b) by an investment banker/registered broker/dealer acting as a financial advisor for the issuer of municipal securities, and (c) by an independent financial advisor for the issuer of municipal securities.
>
> (II)   Practices governing the manner in which an issuer would engage an underwriter or an FA for a public financing, and the standards governing conflicts of interest.
>
> (III)  The steps involved in issuing General Obligation municipal securities.
>
> (IV)   The role of bond insurance in public finance.
>
> (V)    The actions of Piper Jaffray in connection with Union County 1997 and 1998 Notes.

(Keysser Declaration pp. 2-24.)  He reaches the conclusion that Piper Jaffray "acted properly and in accordance with the custom, practices and standards of care prevailing in the municipal securities industry during the time period of the County's two Notes issuances." (*Id.* p. 24.)

In his Supplemental Declaration, Keysser opined that the December 12, 1996, letter at issue in the case "in no way created a fiduciary advisory relationship with the County and could not reasonably have been construed to do so, and instead clearly and unambiguously

offered to perform the typical, normal and proper services of an underwriter in a negotiated bond sale." (Supplemental Declaration p. 34.)  Keysser further opined that Piper Jaffray "conducted itself as an underwriter, not an [Financial Advisor], in connection with the County's Notes issuance, and did so properly." (*Id.* p. 35.)

As argued in its Brief in Support of its Motion in Limine (Clerk's No. 196-1), Union County believes Keysser is unqualified to testify as an expert and his proffered opinions fail every prong of Rule 702.  Specifically, Union County contends Keysser's testimony is not based on sufficient facts or data because he reviewed only the deposition testimony of Tim Oswald then relied on its expert, Robert Doty, to vet the remaining depositions taken in this case for his factual analysis.  Union County further argues that Keysser fails to cite to industry materials or publications to support his opinions and cannot show his opinions were subject to peer review. Union County further argues that because he failed to review all the facts and demonstrate his opinions are grounded in municipal finance peer review and practice, Keysser cannot apply appropriate municipal finance standards to the facts of this case.  Union County asserts Keysser should be barred from offering expert opinions at trial.

Keysser has a Masters of Business Administration in Finance from the Carlson School of Management, University of Minnesota, and Masters in Public Administration and Planning from the Humphrey Institute of Public Affairs, University of Minnesota. (Resume of R. Donald Keysser (Clerk's No. 196-3, pp. 37-38).)  As set forth in his Resume, Keysser worked from 1978 to 1982 as a city planner and economic development project manager for the City of St. Paul, Minnesota. (*Id.*)  From 1982 to 1985, he served as an independent financial advisor to state and local governments on development of project financings while

with the firm Evensen-Dodge Consultants, Inc. in Minneapolis. (*Id.*)  In 1985, Keysser began twenty years of employment working with Minneapolis investment banking firms Dain Rauscher, Inc., Miller & Schroeder Financial, Inc., and Hogan Company in senior investment banking roles. (*Id.*)  He has been with Hannover Ltd. since January 2001 as a Managing Principal providing financial consulting and project financing services for governmental, non-profit and corporate organizations. (*Id.*)  From October 2006 to the present, he has also worked part-time as a senior investment banking consultant with Allison-Williams Company, Minneapolis. (*Id.*)

Based on the education, credentials, career positions and experience reflected in Keysser's resume, and discussed during his deposition, this magistrate judge concludes Keysser is sufficiently qualified to testify as to certain practices and customs in the municipal finance industry relevant to the claims and defenses raised in this litigation.  This judge is not persuaded by Union County that certain alleged deficiencies in his qualifications should exclude him from testifying at trial.  For example, Union County notes that Keysser has not worked with a municipality in a public financing since 2003 and has not served as an underwriter since 2001.  Union County further notes that Keysser has not lectured or published on any of the issues he opines, and his opinions have not been subject to peer review.  While these factors are to be considered, they do not rise to the level, in this judge's opinion, to preclude Keysser from testifying.  Instead, those are matters for the jury to weigh in determining the credibility to be given Keysser and his opinions.  To the extent Keysser may venture into areas outside of his expertise, those issues can be raised through appropriate objections by counsel at trial and determined by Chief Judge Pratt.

This judge also rejects Union County's contention that Keysser should be excluded from testifying because his opinions are not based on sufficient factual review and draw improper credibility determinations.  The general principal that the factual basis of an expert's opinion goes to credibility of the testimony, not admissibility, applies to the proffered testimony of Keysser.  While this judge does not necessarily disagree with some of Union County's challenges to Keysser's opinions, those alleged deficiencies are for the jury to hear and weigh in consideration of his testimony.  Keysser's opinions, as presented in his Declarations, are not so excessively speculative or unsupported by sufficient facts to warrant exclusion from presentation at trial.

Moreover, as noted by Piper Jaffray, some of Keysser's statements being challenged by Union County as credibility determinations were not contained in his written reports but were elicited from questions by counsel during his deposition.  It remains to be seen whether those statements of Keysser will even be presented at trial.

The greatest concern for this judge in regard to Keysser, as was the case with Robert Doty, is whether he will make improper legal and factual conclusions that usurp the functions of the court and jury.  The parties dispute whether Piper Jaffray was acting solely as an underwriter or whether Piper Jaffray was also acting as a financial advisor; and the nature of the duties which flowed from their relationship.  Both Doty and Keysser have both proffered definitive opinions on those issues.

As stated by Chief Judge Pratt, however, the "[i]ssues of duty are fact-intensive. . . . [T]he appropriate course to follow at this point in time is to permit the case to proceed forward and let a jury make these factual determinations." (Memorandum Opinion and Order

(Clerk's No. 240) pp. 65-66.)  He further found, in the context of whether Piper Jaffray and the County had a fiduciary relationship, that those "inquiries require a weighing of the evidence such that a jury should properly determine whether Piper owed the County any duties." (*Id.* p. 68.)  In this judge's opinion, any concerns as to Keysser invading the province of the court and jury can be effectively handled by Chief Judge Pratt during the presentation of Keysser's testimony at trial.

According to Piper Jaffray, the opinions set forth in Keysser's Supplemental Declaration "will only be offered if Mr. Doty is allowed to testify on the same topics over Piper's objection." (Piper Jaffray's Brief in Opposition (Clerk's No. 217) p. 2.) Consequently, the primary concerns as to Keysser's opinions  may be resolved by Chief Judge Pratt when addressing the proffered opinions of Robert Doty.

In sum, based on the record before the court, Piper Jaffray has sufficiently shown by a preponderance of the evidence that Keysser is qualified as an expert by his knowledge, experience, and education, and his proffered testimony is based upon sufficient facts and data, is the product of reliable methods, and Keysser applied the methods reliably to the facts of this case.   Union County has asserted deficiencies in Keysser's qualifications and testimony which raise some concern with the court.  In contrast to the issues related to Doty, however,  the doubts regarding the usefulness of Keysser's testimony, as set forth in his reports, can be resolved in favor of admissibility.  In addition, this magistrate judge believes those alleged deficiencies can be effectively raised at the time of his testimony through cross-examination and/or appropriate objections without confusing or misleading the jury.

For these reasons, it is recommended that Union County's Motion in Limine (Clerk's No. 196) to exclude the proffered expert testimony and opinions of Don Keysser at trial be denied.

## V.  RECOMMENDATION

It is therefore recommended that Piper Jaffray & Co.'s Motion in Limine to Exclude Expert Opinion Testimony of Robert W. Doty on Liability Issues and Request for a Pre-Trial Hearing on the Motion (Clerk's No. 170) and Piper Jaffray & Co.'s Motion in Limine to Exclude Expert Opinion Testimony of Robert W. Doty on Damages and Request for a Pre-Trial Hearing on the Motion (Clerk's No. 190) be granted in part.  In this magistrate judge's opinion, Robert Doty should not be allowed to testify at trial until Union County satisfactorily establishes, outside the presence of the jury, that Doty's proffered testimony and opinions on liability and damages in this case fully meet the requirements for the admissibility of expert testimony under Federal Rule of Civil Procedure 702, and will not confuse the issues at trial or mislead the jury as prohibited under Federal Rule of Civil Procedure 403.

It is further recommended that Plaintiff Union County, Iowa's Motion in Limine to Exclude Expert Testimony of Shawn Fox (Clerk's No. 180) be denied.  In this magistrate judge's opinion, Shawn Fox should be allowed to testify at trial pursuant to Federal Rule of Evidence 702 subject to any appropriate specific objections raised and sustained at the time his testimony is presented to the jury.

Finally, it is recommended that Union County's Motion in Limine to Exclude Piper's Expert Witness Keysser (Clerk's No. 196) be denied.  In this magistrate judge's opinion,

R. Donald Keysser should also be allowed to testify at trial pursuant to Federal Rule of Evidence 702 subject to any appropriate specific objections raised and sustained at the time his testimony is presented to the jury.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1), the parties have to and including, **November 30, 2010,** in which to file written objections, unless an extension of time for good cause is obtained. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990). Such extensions will be freely granted.  Any objections must specify the specific portions of this Report and Recommendation to which objections are made, and set forth the basis for such objections. *See* Fed. R. Civ. P. 72.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thompson*, 897 F.2d at 357.

Dated November 23, 2010.

_____
**THOMAS J. SHIELDS**
**CHIEF U.S. MAGISTRATE JUDGE**